IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHENANGO INCORPORATED,       )
                             )
    Plaintiff,                )
                             )
v.                           ) Civil Action No. 08-199
                             )
MASSEY COAL SALES d/b/a MASSEY )
METALLURGICAL COAL INC. and   )
MASSEY ENERGY COMPANY,        )
                             )
    Defendants.               )

## MEMORANDUM OPINION

COHILL, D.J.

By its complaint, Plaintiff Shenango Incorporated ("Shenango") asserts claims of breach of contract against Massey Coal Sales d/b/a Massey Metallurgical Coal Inc. ("Massey Coal") (Count I), intentional misrepresentation (Count II) against Massey Coal and Massey Energy Company ("Massey Energy") and negligent misrepresentation (Count III) against both defendants (colectively "Massey").

Defendants have now moved to dismiss Counts II and III under Pennsylvania's "gist of the action" doctrine and analogous Virginia law. (Doc. 3).[1] Plaintiff has filed a brief in opposition to dismissal, to which Defendants have replied, and Plaintiff has filed a surreply.

For the reasons set forth below Defendants' motion to dismiss shall be denied.

### Background

Plaintiff Shenango filed a three-count complaint against defendants Massey Coal and Massey Energy in the Court of Common Pleas of Allegheny County, Pennsylvania on January 18,

---

[1] The Coal Purchase Agreement between Massey Coal and Shenango provides that "[t]his agreement shall be construed, enforced and performed in accordance with the laws of the State of Virginia, without reference to conflicts of laws provisions." (Agreement attached to Plaintiff's Complaint, Article XII, Section 3). Plaintiff asserts that this provision does not govern the choice of law for tort claims. (Pl.'s Br. in Opp. at 4, n. 2). However, the parties have neither briefed nor argued the choice of law, and are seemingly in agreement that Pennsylvania and Virginia law is in accord on the issues presented by Defendants' motion to dismiss. (Defs.' Br. Doc. 4 at 4, n. 1; Pl.'s Br. in Opp. Doc. 12 at 4, n. 2).

2008. The case was properly removed to this Court on February 14, 2008 under 28 U.S.C. §§ 1331, 1441 and 1446. We have jurisdiction under 28 U.S.C. § 1331, the federal diversity statute.

The complaint alleges that Shenango entered into a Coal Purchase Agreement (the "Agreement") with Massey Coal to deliver approximately 200,000 tons of high volatile metallurgical coal to the Plaintiff in 2005, divided into approximately equal monthly shipments. (Compl. at ¶¶ 1, 17). Article V of the Agreement set a price for the coal, and Article VII provided for excuse of performance based on certain events of *force majeure*. In such case, Massey Coal was obligated, at Shenango's request, to make all reasonable efforts to supply Shenango with comparable coal at the agreed-upon price, and to allocate proportionately its coal supply among Shenango and Massey Coal's other customers. (Compl. at ¶¶ 18, 19).

Around the time the Agreement was entered into, the market price of high volatile metallurgical coal soared. (Compl. at ¶ 22). To take advantage of this, Massey Energy instructed its sales companies to enter new higher-priced contract with customers worldwide. This required Massey to contract to sell more coal than it reasonably knew Massey companies could deliver. (Compl. at ¶¶ 22, 23).

Defendants planned to curtail delivery to existing customers who were paying lower prices, so that they could more fully perform contracts with other customers, mostly new customers or export customers, who would pay a higher price for coal. Massey knew that this scheme would wreck havoc with existing customers, such as Shenango. (Compl. at ¶ 24). Massey Energy instructed its subsidiaries to characterize this inability to fully perform contracts as the result of *force majeure* events. (Compl. at ¶ 25). Massey Energy instructed its subsidiary, Massey Coal, to issue false and misleading *force majeure* notices and also provided false information to Massey Coal to be included in them. (Compl. at ¶ 3).

In 2004 and 2005, Massey-affiliated companies, including Massey Coal, began issuing *force majeure* notices to customers when it lacked the coal to fully perform. Despite these alleged *force majeure* events, through 2005 Massey was still able to deliver the same amount of coal to its

2

customers that it had delivered in 2004. (Compl. at ¶¶ 26 27).

The complaint alleges that Defendants represented to Shenango that Massey Coal's failure to meet its contractual obligations was the result of *force majeure* events, when in fact the failure to meet these obligations was the result of Massey's scheme to enter new higher-priced contracts and then prefer those contracts over pre-existing commitments to Shenango. (Compl. at ¶ 28). At the same time that Massey repeatedly alleged that events of *force majeure* prevented it from delivering coal to Shenango per the Agreement, Massey continued to enter into new contracts to sell coal to other purchasers at higher prices. (Compl. at ¶ 29). Shenango alleges that the *force majeure* notices were pretextual, and would not excuse performance. (¶ 31-37). Massey Coal also failed to make reasonable efforts to find comparable replacement coal, and failed to appropriately allocate the available coal. (Compl. at ¶¶ 1, 2).

Although the Agreement required Massey Coal to deliver approximately 100,000 tons of coal Shenango from July through December 2005, Massey Coal delivered only approximately 47,000 tons. (Compl. at ¶ 38).

## Motion to Dismiss Standard

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 434-35 (3d Cir.2000). A district court may look only to the facts alleged in the complaint and any accompanying attachments. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1251, 1261 (3d Cir.1994).

To survive a motion to dismiss, a complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 127

S.Ct. 1955, 1959 (2007). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir.1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *In re Nice Sys., Ltd. Sec. Litig.*, 135 F.Supp.2d 551, 565 (D.N.J.2001).

"The complaint will be deemed to have alleged sufficient facts if it adequately put the defendants on notice of the essential elements of the plaintiffs' cause of action." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996). The issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### Analysis

Defendants argue that Counts II and III must be dismissed because the gist of the action in both claims is breach of contract.

Under Pennsylvania law, the gist of the action doctrine bars a plaintiff from recasting a breach of contract claim as a tort claim. *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 14 (Pa.Super. 2002). The doctrine bars tort claims:

> (1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract.

*Id.* at 19.

Courts must examine the claim and "determine whether the 'gist' or gravamen of it sounds in contract or tort; a tort claim is maintainable only if the contract is 'collateral' to conduct that is primarily tortuous." *Caudill Seed & Warehouse Co., Inc. v. Prophet 21, Inc.*, 123 F.Supp.2d 826, 833 (E.D.Pa. 2000) (quoting *Sunquest Info. Sys., Inc. v. Dean Witter Reynolds, Inc.*, 40 F.Supp.2d 644, 651 (W.D.Pa. 1999). The distinction is that tort actions arise from a duty imposed as a matter

4

of social policy, and breach of contract arises from a duty imposed by mutual agreement. *Phico Ins. Co. v. Presbyterian Med. Servs. Corp.*, 663 A.2d 753, 761 (Pa. Super. 1995).

Where the gist of the claim is that one party failed to fulfill the terms of an agreement, that claim cannot be asserted as a tort claim. *Sunquist*, 40 F.Supp.2d at 651.

However, Pennsylvania courts "have generally held that the gist of the action doctrine does *not* apply when the defendant not only breached the contract, but also made misrepresentations about the breach with the intent to deceive the plaintiff . . . ." *First Republic Bank v. Brand*, 50 Pa. D. & C. 4th 329, 2000 WL 33394627, at *4 (Pa. Comm. Pl. 2000) (collecting cases).

Moreover, whether a claim sounds in tort or in contract is a factual inquiry, which many courts have determined should not be decided on a motion to dismiss. *See, e.g. Orthovita, Inc. v. Erbe*, 2008 WL 423446 (E.D.Pa. 2008); *U.S. Claims, Inc. v. Saffren & Weinberg, LLP*, 2007 WL 4225536 (E.D.Pa. 2007) (collecting cases); *Weber Display and Packaging v. Providence Washington Insurance Co.*, 2003 WL 329141 (E.D.Pa. 2003) (declining to decide at the motion to dismiss stage whether misrepresentation is barred by the gist of the action doctrine); *Owen J. Roberts School District v. HTE, Inc.*, 2003 WL 735098 at *6 (E.D.Pa. 2003) (declining to dismiss on a gist of the action theory because whether fraud after the execution of the contract was "collateral" was a fact-intensive inquiry).

Defendants argue that Shenango's claims for negligent misrepresentation and intentional misrepresentation are actually breach of contract claims because they are totally intertwined with Plaintiff's breach of contract claims asserted in Count I.

Shenango's position is that Massey Coal breached the Agreement, and that Massey Coal lied about the breach, and that the latter constitutes tortious misrepresentation separate from breach of contract.

Initially, we agree with the Plaintiff that the motion to dismiss must be denied insofar as it seeks to dismiss Counts II and III against defendant Massey Energy, since Massey Energy is not a party to the contract. Plaintiff asserts both breach of contract and misrepresentation only against

5

Massey Coal, and therefore the distinction between tort and contract claims is meaningless as to Massey Energy because it has not been sued for breach of contract. The gist of the action doctrine provides no basis for dismissing Counts II and III against Massey Energy.

The gist of the action doctrine is properly raised against defendant Massey Coal. However, after reviewing the applicable law we agree with those courts which have been reluctant to dismiss similar claims this early in the litigation. Discovery will aid any future determination this Court may be required to make as to whether the gist of these claims sounds in contract or in tort.

Moreover, Federal Rule of Civil Procedure 8 (d) (2) permits Shenango to plead alternate theories of liability against Massey Coal without regard to whether the gist of the action sounds in tort or in contract. Rule 8 supports our decision not to dismiss Plaintiff's tort claims against Massey Coal at this early stage of the case.

Accordingly, Defendants' motion to dismiss Counts II and III shall be denied. An appropriate Order follows.

*April 14, 2005*
Date

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge